# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGON PREFERRED INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>ISABELLA ALVAREZ CAMACHO, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01496-AWI-SAB<br><br>ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR SERVICE BY PUBLICATION WITHOUT PREJUDICE<br><br>(ECF No. 39) |

**I.**

**BACKGROUND**

This action was filed on October 5, 2016. On March 8, 2017, an order issued requiring Plaintiff to file a status report addressing service on the defendants in this action due to the scheduling conference set for March 21, 2017. Plaintiff filed a reply on March 9, 2017, stating that they were still attempting to locate several of the defendants in this action. On March 10, 2017, an order issued extending the time for service of the complaint by forty-five days. On March 13, 2017, Plaintiff filed a second amended complaint. On March 22, 2017, Plaintiff filed an ex parte application for service by publication.

**II.**

**LEGAL STANDARD**

Rule 4 of the Federal Rules of Civil Procedure provides that proper service can be made by "following state law for serving a summons in an action brought in courts of general

1

jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  Therefore, California's statute for service by publication will govern whether such service is proper in this action.

California Code of Civil Procedure 415.50(a)(1) provides that "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either: (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action."

Service by publication is appropriate only where after reasonable diligence, the defendant's whereabouts and his dwelling place or usual place of abode cannot be ascertained. Watts v. Crawford, 10 Cal.4th 743, 749 n.5 (1995).  However, service by publication is a "last resort," so the courts require a plaintiff "to show exhaustive attempts to locate the defendant." Watts, 10 Cal.4th at 749 n.5.  "Reasonable diligence" in attempting to serve by other methods connotes:

> [A] thorough, systematic investigation and inquiry conducted in good faith . . . . A number of honest attempts to learn defendant's whereabouts or address by inquiry of relatives, friends, and acquaintances, or of an employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient.  These are likely sources of information, and consequently must be searched before resorting to service by publication.  However, the showing of diligence in a given case must rest on its own facts and neither single formula nor mode of search can be said to constitute due diligence in every case.

Kott v. Superior Court, 45 Cal.App.4th 1126, 1137–38 (1996) (internal citations and quotations omitted).

**III.**

**DISCUSSION**

Plaintiff seeks to serve Defendants Enrique Franco, Victor Cati individually and as representative of the Estate of Maria Candelaria Silva-Perez, Jessica Bolanos, Veronica Acevedo Cisneros, Ana Cristina Acevedo Cisneros, and Anna Erica Acevedo Cisneros by publication in this action.  For the reasons discussed below, the Court shall deny Plaintiff's request without

2

prejudice.

### A. Plaintiff Has Not Established the Existence of a Valid Cause of Action Against the Defendants in this Action

"For the purpose of service by publication, the existence of a cause of action is a jurisdictional fact." Harris v. Cavasso, 68 Cal.App.3d 723, 726 (1977). The requesting party must submit an affidavit containing a statement of some fact that would be legal evidence that the cause of action exists for the court to have jurisdiction to order service by publication. Harris, 68 Cal.App.3d at 726. While Plaintiff argues in the motion that an issue has arisen regarding whether there is a valid basis to rescind the insurance policy, there is no affidavit containing a statement of facts to establish that a "cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Code Civ. P. § 415.50(a)(1).

"When jurisdiction is sought to be established by constructive service, the statutory conditions for such service must be strictly complied with or the judgment is subject to collateral attack." Donel, Inc. v. Badalian, 87 Cal.App.3d 327, 334 (1978). The affidavit filed in support of the motion for substitute service must contain independent evidentiary support in the form of a sworn statement of facts to support a cause of action against the defendant, and if it does not, the Court does not have jurisdiction to order service by publication. Harris, 68 Cal.App.3d at 726–27. Plaintiff's failure to produce a sworn statement of facts to support a cause of action against the defendants precludes this Court from finding that service by publication is appropriate.

### B. Plaintiff Has Not Demonstrated Reasonable Diligence

When a person is entitled to due process, process which is a mere gesture is not sufficient. Donel, Inc., 87 Cal.App.3d at 332. "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." Watts, 10 Cal.4th at 749 n.5.

Plaintiff asserts by declaration that counsel for the defendants has refused to accept service of the summons on behalf of his clients. (Decl. of Jo Ann Montoya ¶ 3, ECF No. 39-1.)

1 However, there is nothing to indicate that Plaintiff has sought information from defendants'
2 counsel on their whereabouts. See Donel, Inc., 87 Cal.App.3d at 334 (The issue is not whether
3 the attorney was authorized to accept service for the defendant, but whether he was a person who
4 might reasonably be expected to know of the defendant's whereabouts).  Counsel conducted her
5 own search on Lexis Advance, Public Records in an attempt to locate and verify information
6 provided by a private investigator.  (Id. at ¶ 5.)  Plaintiff's private investigator states that he has
7 access to several databases and they were used to attempt to locate valid, current addresses.
8 (Decl. of Gregory Joseph Gutierrez ¶ 3, ECF No. 39-3.)  While Mr. Gutierrez stated that he also
9 used search engines and social media, he does not identify the databases that were searched and
10 therefore the Court is unable to determine if this was a sufficient search to show exhaustive
11 attempts to locate the defendants.  (Id. at ¶ 3.)  It is not enough that the plaintiff took some
12 reasonable steps without addressing the myriad of other avenues available for locating persons.
13 Donel, Inc., 87 Cal.App.3d at 333.

14       Further, the information received on the unserved defendants in this action was provided
15 in November and December 2016.  (ECF No. 39-3 at ¶¶ 3, 4, 5.)  Plaintiff has not demonstrated
16 that any efforts have been made to locate the defendants during the last four months.  See
17 Judicial Council Comment to Cal. Civ. Proc. Code § 415.50(a) ("attempts at personal service,
18 search, affidavits, and the court's order for publication must, however, follow in reasonably
19 quick succession so that they would relate to the conditions at the time of publication.").

20       For these reasons, the Court finds that Plaintiff has not demonstrated reasonable diligence
21 in attempting to locate the defendants as required in order for this Court to order service by
22 publication.
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's ex parte application for an order for publication of summons is HEREBY DENIED without prejudice. If Plaintiff chooses to file a second application for publication of summons the Court will consider a request for an extension of time to effect service by publication.

IT IS SO ORDERED.

Dated: **March 23, 2017**

UNITED STATES MAGISTRATE JUDGE