# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGON PREFERRED INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ISABELLA ALVAREZ CAMACHO, et al.,<br><br>Defendants. | Case No. 1:16-cv-01496-AWI-SAB<br><br>ORDER REQUIRING PLAINTIFF TO PROVIDE SUPPLEMENTAL BRIEFING RE ATTEMPTS TO SERVE DEFENDANTS ENRIQUE FRANCO, VICTOR CATI INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MARIA CANDELARIA SILVA-PEREZ,<br><br>(ECF No. 33)<br><br>MAY 15, 2017 DEADLINE |

On April 21, 2017, Plaintiff Integon Preferred Insurance Company filed a second motion for service by publication of Defendants Enrique Franco, Victor Cati individually and as representative of the Estate of Maria Candelaria Silva-Perez, Jessica Bolanos, Veronica Acevedo Cisneros, Ana Cristina Acevedo Cisneros, Anna Erica Acevedo Cisneros, and Yasmin Zuniga. Upon review of the current motion, Plaintiff has recently discovered possible addresses for Enrique Franco and Victor Cati and three unsuccessful attempts have been made to serve these defendants.

California Code of Civil Procedure 415.50(a)(1) provides that "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in

1

1  another manner specified in this article and that either: (1) A cause of action exists against the
2  party upon whom service is to be made or he or she is a necessary or proper party to the action."
3  Service by publication is appropriate only where after reasonable diligence, the defendant's
4  whereabouts and his dwelling place or usual place of abode cannot be ascertained. Watts v.
5  Crawford, 10 Cal.4th 743, 749 n.5 (1995). "Diligence is a relative term and must be determined
6  by the circumstances of each case." Vorburg v. Vorburg, 18 Cal.2d 794, 797, (1941). However,
7  service by publication is a "last resort," so the courts require a plaintiff "to show exhaustive
8  attempts to locate the defendant." Watts, 10 Cal.4th at 749 n.5.

9       Plaintiff attempted to serve Enrique Franco on April 18, 2017 and was unable to locate
10 the address. (ECF No. 41-1 at 35.) A second attempt was made on April 19, 2017 at 6:22 p.m.
11 (Id.) The address was located, but there were no vehicles present, no one answered the door and
12 no activity was observed. (Id.) Another attempt to serve was made on April 20, 2017 at 8:19
13 a.m. with the same result. (Id.)

14      Plaintiff attempted to serve Victor Cati, individually and as successor in interest to the
15 Estate of Maria Candelaria Siva-Perez at 6:01 p.m. on April 18, 2017. (ECF No. 41-1 at 38.)
16 There was no answer at the door, the blinds were closed, and no vehicles were present. (Id.) On
17 April 19, 2017, a second attempt to serve was made at 11:43 a.m. (Id.) There was no activity
18 observed and no answer at the door. (Id.) On the third attempt on April 20, 2017, at 7:14 a.m.
19 there was no answer at the door, but lights were on inside. (Id.)

20      The California Code of Civil Procedures provides for different ways in which a party can
21 be served in an action. See Cal. Cod. Civ. P. 415.10-415.95. The preferred manner of service is
22 personal service because it is the most likely to ensure that the defendant receives notice of the
23 action. ." Bd. of Trustees of the Leland Stanford Junior Univ. v. Ham, 216 Cal.App.4th 330,
24 336 (2013). The Code also provides for substituted service by leaving the summons at the office,
25 dwelling house, usual place of abode or business or usual mailing address of the individual to be
26 served. Cal. Code Civ. P. 415.20. However, substitute service is only appropriate where the
27 summons and complaint cannot with reasonable diligence be personally delivered to the person
28 to be served. Cal. Code Civ. P. 415.20(b). In order to effect substituted service under section

1  415.20, two or three attempts to personally serve the defendant at a proper place will ordinarily
2  qualify as "reasonable diligence." Bd. of Trustees of the Leland Stanford Junior Univ., 216
3  Cal.App.4th at 337 (quoting American Exp. Centurion Bank v. Zara, 199 Cal.App.4th 383, 389
4  (2011)).

5  In this instance, Plaintiff seeks to serve by publication which requires extraordinary
6  measures be shown before service by publication is approved. Bd. of Trustees of the Leland
7  Stanford Junior Univ., 216 Cal.App.4th at 338. Since service by publication is least likely to
8  actually provide notice to the defendant, "a court must first be convinced that the party to be
9  served "cannot with reasonable diligence be served in another manner specified" in the Code of
10 Civil Procedure. Id. "If a defendant's address is ascertainable, a method of service superior to
11 publication must be employed, because constitutional principles of due process of law, as well as
12 the authorizing statute, require that service by publication be utilized only as a last resort." Id.
13 (quoting Watts, 10 Cal.4th at 749 n.5). Section 415.50 requires exhaustive attempts to locate the
14 defendant before service by publication. Bd. of Trustees of the Leland Stanford Junior Univ.,
15 216 Cal. App. 4th 330 at 338.

16 In this instance, the Court cannot find that exhaustive attempts have been made to locate
17 Franco and Cati at the recently identified addresses. "It is not actual ignorance that permits
18 resort to service by publication, but the inability to accomplish personal service despite the
19 exercise of reasonable diligence." Olvera v. Olvera, 232 Cal.App.3d 32, 42 (1991). Plaintiff has
20 made three attempts to serve Cati and two attempts to serve Franco since his address was not
21 able to be found on the first attempt. See Giorgio v. Synergy Mgmt. Grp., LLC, 231 Cal.App.4th
22 241, 249 (2014) (process server unsuccessfully tried to serve at residence six times because no
23 one would answer the door); Lawrence v. Manry, No. D038276, 2002 WL 1558609, at *3 (July
24 16, 2002) (investigator spoke to neighbor at defendant's home address who stated he no longer
25 lived there and still made four additional attempts to serve at home address); Cty. of Alameda v.
26 Ottovich, No. A111225, 2007 WL 907701, at *6 (Mar. 27, 2007) (plaintiff attempted service at
27 home address on at least sixteen separate occasions).

28 In order to approve service by publication, the Court must be convinced that the

3

defendant "cannot with reasonable diligence be served in another manner specified" in the Code of Civil Procedure. <u>Bd. of Trustees of the Leland Stanford Junior Univ.</u>, 216 Cal. App. 4th 330 at 338. Here, Plaintiff has recently identified a potential address for Franco and Cati. Plaintiff has only made two or three attempts to serve the defendants at these addresses. While this may be adequate to find reasonable diligence to effect substitute service, it does not demonstrate exhaustive efforts to locate and serve Defendants Franco and Cati such that service by publication would be appropriate at this time. Since it is unlikely that Defendants Franco and Cati will receive notice from service by publication, the Court shall require further efforts to serve Franco and Cati at these addresses prior to finding service by publication appropriate. It should be further noted that times both before and after work for the particular industry are helpful to the analsyis. If most of the service attempts are made while the potential litigant is at work for their type of industry, the less likely the court can find that exhaustive attempts have been made.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall file supplemental briefing on further attempts to serve Defendants Franco and Cati on or before May 15, 2017;

2. The time for Plaintiff to comply with Rule 4(m) in this action shall be extended to May 15, 2017; and

3. The Court shall address any further extension of time for service in the order resolving Plaintiff's ex parte application for service by publication.

IT IS SO ORDERED.

Dated: __**April 27, 2017**__

UNITED STATES MAGISTRATE JUDGE

4