# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGON PREFERRED INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>ISABELLA ALVAREZ CAMACHO, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01496-AWI-SAB<br><br>ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR SERVICE BY PUBLICATION<br><br>(ECF No. 41, 44) |

**I.**

**BACKGROUND**

This action was filed on October 5, 2016. Plaintiff Integon Preferred Insurance Company ("Plaintiff") issued a business insurance policy to Isabella Alvarez Camacho who is the owner of X-Treme Ag Labor, Inc. which was effective from April 3, 2015, to April 3, 2015. (Sec. Am. Compl. ¶¶ 4, 5, 32.) The policy covered a 2002 Ford Escape. (Sec. Am. Compl. ¶ 32.) Plaintiff contends that Camacho did not advise Plaintiff that transportation services would be provided in the course of Camacho's operation of X-Treme Ag Labor, Inc. (Sec. Am. Compl. ¶ 36.)

On June 20, 2015, Enrique Franco was driving a van that was owned by Cesar Neri which overturned. (Sec. Am. Compl. ¶ 37.) At the time of the accident, there were seven other passengers in the van who worked for Camacho and were returning home to Merced from Gilroy

1

at the end of the workday. (Sec. Am. Compl. ¶¶ 37, 38.) As a result of the accident, there have been six personal injury and wrongful death actions filed against X-Treme Ag Labor, Inc., Franco, and Neri. (Sec. Am. Compl. ¶ 39.) Plaintiff is providing a defense to X-Treme Ag Labor, Inc. in the underlying action pursuant to a reservation of rights. (Sec. Am. Compl. ¶ 40.) Plaintiff brings this action against Isabella Alvarez Camacho; Xtreme Ag Labor, Inc.; Enrique Franco; Cesar Neri; Selene Cati Silva; Amairani Cati Silva; Victor Cati; The Estate Of Maria Candelaria Silva-Perez, by and through its successor-in-interest Victor Cati; Antonia Navarro-Sandoval; Robert D. Dalton; James Keifas Miranda Bautista; Jessica Hilda Bautista Vasquez; Estevan Dalton Bautista; Jasmine Roxanne Dalton, a minor by and through her guardian ad litem Robert D. Dalton; The Estate Of Christina Bautista Dalton, by and through its successor-in-interest Robert D. Dalton; Jessica Bolanos; Joshua Palacios; Veronica Elizabeth Acevedo Cisneros; Ana Cristina Acevedo Cisneros; Jose Refugio Acevedo Cisneros; Anna Erica Acevedo Cisneros; Angelica Maria Acevedo Cisneros; Yessica Acevedo Cisneros; Fidelina Acevedo Cisneros; and Yasmin Zuniga.

Plaintiff is seeking to have the insurance policy rescinded, a declaration that Plaintiff has no duty to defend or to pay any settlement or judgments in the underlying actions, and that if the policy is rescinded, Plaintiff has the right to recover from Camacho, X-Treme Ag Labor, Inc., and Franco the amounts incurred defending and any amounts paid to indemnify them in the underlying actions.

On March 8, 2017, an order issued requiring Plaintiff to file a status report addressing service on the defendants in this action due to the scheduling conference set for March 21, 2017. Plaintiff filed a reply on March 9, 2017, stating that they were still attempting to locate several of the defendants in this action. On March 10, 2017, an order issued extending the time for service of the complaint by forty-five days. On March 13, 2017, Plaintiff filed a second amended complaint. On March 22, 2017, Plaintiff filed an ex parte application for service by publication. On March 24, 2017, an order issued denying Plaintiff's ex parte application for service by publication without prejudice. On April 21, 2017, Plaintiff filed a second ex-parte application for order for publication of summons and an extension of time to serve Defendants. On April 28,

2017, an order issued requiring Plaintiff to make additional attempts to serve Defendants Enrique Franco and Victor Cati individually and as a representative of the estate of Maria Candelaria Silva-Perez. On May 12, 2017, Plaintiff filed supplemental briefing addressing the service attempts on these two defendants.

## II.

## LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure provides that proper service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Therefore, California's statute for service by publication will govern whether such service is proper in this action.

California Code of Civil Procedure 415.50(a)(1) provides that "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either: (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action."

Service by publication is appropriate only where after reasonable diligence, the defendant's whereabouts and his dwelling place or usual place of abode cannot be ascertained. Watts v. Crawford, 10 Cal.4th 743, 749 n.5 (1995). However, service by publication is a "last resort," so the courts require a plaintiff "to show exhaustive attempts to locate the defendant." Watts, 10 Cal.4th at 749 n.5. "Reasonable diligence" in attempting to serve by other methods connotes:

> [A] thorough, systematic investigation and inquiry conducted in good faith . . . . A number of honest attempts to learn defendant's whereabouts or address by inquiry of relatives, friends, and acquaintances, or of an employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. These are likely sources of information, and consequently must be searched before resorting to service by publication. However, the showing of diligence in a given case must rest on its own facts and neither single formula nor mode of search can be said to constitute due diligence in every case.

3

Kott v. Superior Court, 45 Cal.App.4th 1126, 1137–38 (1996) (internal citations and quotations omitted).

### III.

### DISCUSSION

Plaintiff brings the current motion to serve Defendants Victor Cati individually and as representative of the Estate of Maria Candelaria Silva-Perez, Jessica Bolanos, Veronica Acevedo Cisneros, Ana Cristina Acevedo Cisneros, Anna Erica Acevedo Cisneros, and Yasmin Zuniga by publication as Plaintiff has not been able to serve them in any other manner specified in the California Code of Civil Procedure despite due diligence.[1]  Plaintiff also seeks an extension of time to serve the defendants by publication.

**A.     Plaintiff Has Established the Existence of a Valid Cause of Action Against the Defendants in this Action**

"For the purpose of service by publication, the existence of a cause of action is a jurisdictional fact."  Harris v. Cavasso, 68 Cal.App.3d 723, 726 (1977).  The requesting party must submit an affidavit containing a statement of some fact that would be legal evidence that the cause of action exists for the court to have jurisdiction to order service by publication.  Harris, 68 Cal.App.3d at 726.

"When jurisdiction is sought to be established by constructive service, the statutory conditions for such service must be strictly complied with or the judgment is subject to collateral attack."  Donel, Inc. v. Badalian, 87 Cal.App.3d 327, 334 (1978).  The affidavit filed in support of the motion for substitute service must contain independent evidentiary support in the form of a sworn statement of facts to support a cause of action against the defendant, and if it does not, the Court does not have jurisdiction to order service by publication.  Harris, 68 Cal.App.3d at 726–27.

Plaintiff issued a business auto policy to Camacho to insure a 2002 Ford Escape.  (Decl. of Martin Miller ¶ 3.)  Plaintiff is currently defending Camacho in six different lawsuits which

---

[1] The original motion included a request for publication on Defendant Enrique Franco, however Defendants were able to effect substituted service on May 8, 2017.  (ECF No. 43.)

4

allege that Franco fell asleep while driving seven passengers and all occupants of the vehicle were employees of X-Treme Ag Labor, Inc. and/or Camacho. (Decl. of Martin Miller ¶ 2.) Plaintiff is defending the six lawsuits under a reservation of rights. (Decl. of Martin Miller ¶ 2.) The auto policy issued excluded coverage for bodily injury to an employee of the insured, bodily injury to any fellow employee, or where there is an obligation for which the insured may be held liable under worker's compensation law. (Decl. of Martin Miller ¶ 3.) The policy agreed to provide coverage for any non-owned auto used in the named insured's business. (Decl. of Martin Miller ¶ 3.)

A lawsuit filed by the Department of Labor alleges that Camacho arranged transportation for her employees to get to and from the fields while they were working. (Decl. of Martin Miller ¶ 4.) Based on the allegations in this and the other actions, Plaintiff determined that a valid basis exists to support rescission of the policy based on Camacho's response that the vehicles would not be used to transport passengers and vehicles would not be regularly available to non-listed operators. (Decl. of Martin Miller ¶ 4.) Additionally, investigation has revealed that the worker's compensation, bodily injury to employee, and body injury to fellow employee exclusions in the policy may preclude coverage for the damages asserted by the plaintiffs in the underlying actions. (Decl. of Martin Miller ¶ 5.)

Plaintiff filed the complaint in this action for rescission and declaratory relief. (Decl. of Jo Ann Montoya ¶ 3; Decl. of Martin Miller ¶ 5.) Plaintiff alleges that it may have a valid basis on which to rescind the insurance policy based upon the information provided by Camacho. (Decl. of Jo Ann Montoya ¶ 3.) Further, Plaintiff alleges that there are policy exclusions in the contract that may preclude coverage for the underlying actions. (Decl. of Jo Ann Montoya ¶ 3.) This action has been brought against the plaintiffs in the underlying actions, and any one that may be a possible insured or beneficiary under the policy. (Decl. of Martin Miller ¶ 6.)

Plaintiff has established that a valid cause of action exists against the named defendants in this action.

### B. Plaintiff Has Demonstrated Reasonable Diligence

Plaintiff has been unable to ascertain the current addresses or any information to effect

service of process on Victor Cati and the Estate of Maria Candelaria Silva-Perez; Jessica Bolanos; Ana Cristina Acevedo Cisneros; Ana Erica Acevedo Cisneros; Veronica Acevedo Cisneros; and Yasmin Zuniga. When a person is entitled to due process, process which is a mere gesture is not sufficient. Donel, Inc., 87 Cal.App.3d at 332. "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." Watts, 10 Cal.4th at 749 n.5.

Plaintiff asserts by declaration that counsel for the defendants has refused to accept service of the summons on behalf of his clients. (Decl. of Jo Ann Montoya ¶ 4, ECF No. 41-1.) Plaintiff then hired a private investigator to locate the defendants to serve the summons in this action. (Decl. of Jo Ann Montoya ¶ 5.) In addition to contacting a private investigator, counsel conducted her own search on Lexis Advance, Public Records in an attempt to locate and verify information provided by a private investigator. (Decl. of Jo Ann Montoya ¶ 7.) Counsel was unable to find any additional current addresses for the unserved defendants. (Decl. of Jo Ann Montoya ¶ 7.)

After filing the second amended complaint to add Yasmin Zuniga as a defendant in this action, address information was located and the second amended complaint was sent to the process service for service. (Decl. of Jo Ann Montoya ¶ 14.) On March 16, 2017, counsel conducted additional research on Lexis Advance, Public Records based on information obtained from a worker's compensation claim filed by Zuniga and found an address for Zuniga. (Decl. of Jo Ann Montoya ¶ 14.)

Plaintiff's private investigator states that he has access to two private investigator databases and they were used to attempt to locate valid, current addresses. (Decl. of Gregory Joseph Gutierrez ¶ 3.1, ECF No. 41-3.) Additionally, he attempted to locate addresses by using social media and search engines. (Decl. of Gregory Joseph Gutierrez ¶ 3.1.)

On March 24, 2017, counsel contacted Martin Miller who is overseeing the coverage litigation on behalf of Plaintiff. (Decl. of Jo Ann Montoya ¶ 19.) This resulted in receiving additional information for Enrique Franco and decedent Maria Sylvia Perez, including an address

6

that had been provided for one defendant by defense counsel. (Decl. of Jo Ann Montoya ¶ 19.) This information was provided to the private investigator on April 17, 2017. (Decl. of Jo Ann Montoya ¶ 20.)

On March 27, 2017, counsel sent a letter to counsel for the unserved defendants requesting current addresses. (Decl. of Jo Ann Montoya ¶ 18.) Counsel was to respond by April 3, 2017 and no response has been received. (Decl. of Jo Ann Montoya ¶ 18.) On April 10, 2017, Mr. Gutierrez provided a possible address for Ms. Zuniga. (Decl. of Gregory Joseph Gutierrez ¶ 5.) On April 17, 2017, Ms. Montoya requested additional information on Maria Silva-Perez, the wife of Victor Cati and Mr. Gutierrez was able to provide an additional address in Merced. (Decl. of Gregory Joseph Gutierrez ¶ 6.)

Based on the information provided, the Court finds that exhaustive efforts have been made to locate current addresses for Defendants Victor Cati individually and as representative of the Estate of Maria Candelaria Silva-Perez, Jessica Bolanos, Veronica Acevedo Cisneros, Ana Cristina Acevedo Cisneros, Anna Erica Acevedo Cisneros, and Yasmin Zuniga.

As set forth below, Plaintiff also has submitted evidence that, despite diligent efforts to locate and serve the defendants, Plaintiff has been unable to locate and serve Defendants Victor Cati individually and as representative of the Estate of Maria Candelaria Silva-Perez, Jessica Bolanos, Veronica Acevedo Cisneros, Ana Cristina Acevedo Cisneros, Anna Erica Acevedo Cisneros, and Yasmin Zuniga.

    1.    <u>Victor Cati individually and as representative of the Estate of Maria Candelaria Silva-Perez</u>

In December 2016, service was attempted two addresses in Merced. (ECF No. 41-1 at 16.) The current occupants at both addresses stated that they do not know Mr. Cati and he does not receive mail at the addresses. (Id.)

On April 18, 19, and 20, 2017, service was attempted at different times of the day at an address in Merced. (Id. at 37, 38.) There was no answer at the door, however, on April 20, 2017 lights were on inside the house. (Id.) Service was attempted on May 2, 2017, there was no answer at the door and no activity was observed at the residence. (ECF No. 44-1 at 13.) On

May 3, 2017, a female resident was contacted at the residence who stated that she did not know Mr. Cati, but he may have been a previous renter. (Id. at 14.)

### 2. Jessica Bolanos

In December 2016, four attempts were made to serve Jessica Bolanos at an address in Merced. (ECF No. 41-1 at 18.) On December 13, 2016, the current resident was located and state he did not know Ms. Bolanos. (Id.)

### 4. Veronica Acevedo Cisneros

On December 10, 2016, service was attempted on Veronica Elizabeth Acevedo Cisneros at an address in Sunnyside, Washington. (ECF No. 41-1 at 24.) The current resident was contacted and stated Ms. Cisneros does not live at the address. (Id.) On December 16, 2016, service was attempted at a second address in Sunnyside, Washington. (Id. at 25.) The current resident was contacted and stated that Ms. Cisneros was not known and did not live or receive mail at the address. (Id.)

### 5. Ana Cristina Acevedo Cisneros

In December 2016, service was attempted on Ana Cristina Acevedo Cisneros at an address in Yakima, Washington. (ECF No. 41-1 at 20.) On December 17, 2016, the current resident was contacted and stated that he does not know Ms. Cisneros and she does not live at the address. (Id.)

### 6. Anna Erica Acevedo Cisneros

On December 7, 2016, service was attempted on Anna Erica Acevedo Cisneros at an address in Yakima Washington. (ECF No. 41-1 at 22.) The current resident stated that he does not know Ms. Cisneros and she does not live at the address. (Id.)

### 7. Yasmin Zuniga

Service was attempted on Yasmin Zuniga in Merced on seven occasions during March and April 2017. (ECF No. 41-1 at 27.) Service was attempted at various times during early morning, midday, afternoon, early evening, and late evening. (Id.) On March 28, 2017, the neighbors were contacted who reported that whoever lived in the house may work out of the area because they leave early and come home late. Subsequently on two occasions, there were

1 indications that someone was home. On March 31, 2017 at 7:00 a.m., the television was on but no one would answer the door. (Id.) On April 3, 2017, at 9:54 p.m. lights were on in the back of the house, but no one answered the door. (Id.) Finally, on April 6, 2017, service was attempted at 5:20 a.m. (Id.) There was no answer at the door and the house was completely dark. (Id.) The process server waited for 30 minutes but there was no change. (Id.)

Service was attempted at a second address in Los Banos during April 2017. (ECF No. 41-1 at 29.) On April 17, 2017, the seventh attempt, the neighbors stated that Ms. Zuniga did not live at the address. (Id.) The following day, the process server was able to contact the resident who stated that Ms. Zuniga did not live or receive mail at the address. (Id.)

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, the Court finds that despite reasonable diligence, Plaintiff has been unable to serve Defendants Victor Cati individually and as representative of the Estate of Maria Candelaria Silva-Perez, Jessica Bolanos, Veronica Acevedo Cisneros, Ana Cristina Acevedo Cisneros, Anna Erica Acevedo Cisneros, and Yasmin Zuniga in any other manner specified in the California Code of Civil Procedure.

Based on the information obtained by as part of its search, Defendants Victor Cati individually and as representative of the Estate of Maria Candelaria Silva-Perez, Jessica Bolanos, and Yasmin Zuniga most likely currently reside in the city of Merced, in the state of California. Notice by publications in a newspaper that is published in Merced would be the most likely to reach Defendants Victor Cati, individually and as representative of the Estate of Maria Candelaria Silva-Perez, Jessica Bolanos, and Yasmin Zuniga.

Based on the information obtained by Plaintiff as part of its search, Defendant Veronica Elizabeth Acevedo Cisneros most likely currently resides in the city of Sunnyside, in the state of Washington. Notice by publications in a newspaper that is published in Sunnyside, Washington would be the most likely to reach Defendant Veronica Elizabeth Acevedo Cisneros.

Based on the information obtained by Plaintiff as part of its search, Defendants Ana Cristina Acevedo Cisneros and Anna Erica Acevedo Cisneros most likely currently reside in the

city of Yakima, in the state of Washington. Notice by publications in a newspaper that is published in Yakima, Washington would be the most likely to reach Defendants Ana Cristina Acevedo Cisneros and Anna Erica Acevedo Cisneros.

Accordingly, IT IS THEREFORE ORDERED that the following indented text shall be published once a week for four consecutive weeks in a newspaper regularly published and generally circulated in Merced, California (such as the Merced County Times):

> SUMMONS TO VICTOR CATI, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MARIA CANDELARIA SILVA-PEREZ, AND SUMMONS TO JESSICA BOLANOS, AND SUMMONS TO YASMIN ZUNIGA
> Integon Preferred Insurance Company, Plaintiff v. Isabella Alvarez Camacho, et al., Defendants;
> Case No. 1:16-CV-01496 AWI-SAB, U.S. District Court for the Eastern District of California, United States Courthouse, 2500 Tulare Street, Fresno, California 93721, Courtroom 2, 8th Flr.
> Notice to Victor Cati, individually and as representative of the Estate of Maria Candelaria Silva-Perez, and Jessica Bolanos: You have been sued.
> (1) Integon Preferred Insurance Company has filed a Second Amended Complaint for Declaratory Relief against you seeking a declaration of its rights and obligations under Business Auto Policy No. 2002633436 issued to Isaballa Alvarez Camacho with respect to its duty to defend and indemnify any insured in the lawsuits filed in Merced County Superior Court, Case Nos. 16CV-00315, 16CV-00316, 16CV-00317, 16CV-02365, 16CV-03356, 17CV-00467, arising out of the June 20, 2015 automobile accident.
> (2) Unless you file with the District Court, and serve upon Integon Preferred Insurance Company's attorneys, Jeffrey A. Dollinger, an Answer to the Second Amended Complaint within 21 days after service of this summons, default judgment may be taken against you. The address for Jeffrey A. Dollinger, is Woolls Peer Dollinger & Scher, 624 S. Grand Ave., 22nd Floor, Los Angeles, California 90017.

IT IS FURTHER ORDERED that the following indented text shall be published once a week for four consecutive weeks in a newspaper regularly published and generally circulated in Sunnyside, Washington (such as the Daily Sun News):

> SUMMONS TO VERONICA ELIZABETH ACEVEDO CISNEROS
> Integon Preferred Insurance Company, Plaintiff v. Isabella Alvarez Camacho, et al., Defendants;
> Case No. 1:16-CV-01496 AWI-SAB, U.S. District Court for the Eastern District of California, United States Courthouse, 2500 Tulare Street, Fresno, California 93721, Courtroom 2, 8th Flr.
> Notice to Veronica Elizabeth Acevedo Cisneros: You have been sued.
> (1) Integon Preferred Insurance Company has filed a Second Amended Complaint for Declaratory Relief against you seeking a declaration of its rights and obligations under Business Auto Policy No. 2002633436 issued to Isaballa Alvarez Camacho with respect to its duty to defend and indemnify any insured in the lawsuits filed in Merced County Superior Court, Case Nos. 16CV-00315,

16CV-00316, 16CV-00317, 16CV-02365, 16CV-03356, 17CV-00467, arising out of the June 20, 2015 automobile accident.

(2) Unless you file with the District Court, and serve upon Integon Preferred Insurance Company's attorneys, Jeffrey A. Dollinger, an Answer to the Second Amended Complaint within 21 days after service of this summons, default judgment may be taken against you. The address for Jeffrey A. Dollinger, is Woolls Peer Dollinger & Scher, 624 S. Grand Ave., 22nd Floor, Los Angeles, California 90017.

IT IS FURTHER ORDERED that the following indented text shall be published once a week for four consecutive weeks in a newspaper regularly published and generally circulated in Yakima, Washington (such as the Yakima Herald-Republic):

> SUMMONS TO ANA CRISTINA ACEVEDO CISNEROS AND SUMMONS TO ANNA ERICA ACEVEDO CISNEROS
> Integon Preferred Insurance Company, Plaintiff v. Isabella Alvarez Camacho, et al., Defendants;
> Case No. 1:16-CV-01496 AWI-SAB, U.S. District Court for the Eastern District of California, United States Courthouse, 2500 Tulare Street, Fresno, California 93721, Courtroom 2, 8th Flr.
> Notice to Ana Cristina Acevedo Cisneros and Anna Erica Acevedo Cisneros: You have been sued.
> (1) Integon Preferred Insurance Company has filed a Second Amended Complaint for Declaratory Relief against you seeking a declaration of its rights and obligations under Business Auto Policy No. 2002633436 issued to Isaballa Alvarez Camacho with respect to its duty to defend and indemnify any insured in the lawsuits filed in Merced County Superior Court, Case Nos. 16CV-00315, 16CV-00316, 16CV-00317, 16CV-02365, 16CV-03356, 17CV-00467, arising out of the June 20, 2015 automobile accident.
> (2) Unless you file with the District Court, and serve upon Integon Preferred Insurance Company's attorneys, Jeffrey A. Dollinger, an Answer to the Second Amended Complaint within 21 days after service of this summons, default judgment may be taken against you. The address for Jeffrey A. Dollinger, is Woolls Peer Dollinger & Scher, 624 S. Grand Ave., 22nd Floor, Los Angeles, California 90017.

IT IS FURTHER ORDERED that within 21 days after completion of service by publication, Defendants Victor Cati, individually and as representative of the Estate of Maria Candelaria Silva-Perez, Jessica Bolanos, Veronica Elizabeth Acevedo Cisneros, Ana Cristina Acevedo Cisneros, Anna Erica Acevedo Cisneros, and Yasmin Zuniga shall file and serve a written response, supported by appropriate sworn statements, as well as any desired motions.

IT IS FURTHER ORDERED that if a different address of defendants Victor Cati, individually and as representative of the Estate of Maria Candelaria Silva-Perez, Jessica Bolanos, Veronica Elizabeth Acevedo Cisneros, Ana Cristina Acevedo Cisneros, Anna Erica Acevedo Cisneros, and Yasmin Zuniga is discovered by Plaintiff before expiration of the time prescribed

for the publication, it shall mail this order, the summons, and the complaint for declaratory relief to the defendant at that new address.

IT IS FURTHER ORDERED that the failure of Defendants Victor Cati, individually and as representative of the Estate of Maria Candelaria Silva-Perez, Jessica Bolanos, Veronica Elizabeth Acevedo Cisneros, Ana Cristina Acevedo Cisneros, Anna Erica Acevedo Cisneros, and Yasmin Zuniga to appear or plead within 21 days after personal service, or within 21 days after completion of service by publication, may result in a default judgment being entered against them in this action.

IT IS FURTHER ORDERED that the time for Plaintiff to serve Defendants Victor Cati, individually and as representative of the Estate of Maria Candelaria Silva-Perez, Jessica Bolanos, Veronica Elizabeth Acevedo Cisneros, Ana Cristina Acevedo Cisneros, Anna Erica Acevedo Cisneros, and Yasmin Zuniga is extended until July 14, 2017.

IT IS SO ORDERED.

Dated: **May 16, 2017**

UNITED STATES MAGISTRATE JUDGE