|  |  |
|---|---|
| INTEGON PREFERRED INSURANCE CO., <br><br> Plaintiff <br><br> v. <br><br> ISABELLA ALVAREZ CAMACHO, et al., <br><br> Defendants | CASE NO. 1:16-CV-1496 AWI SAB <br><br> ORDER ON REQUEST FOR ENTRY OF DEFEAULT <br><br> (Doc. No. 50) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

On June 13, 2017, Plaintiff filed a request for the Clerk of Court to a make an entry of default with respect fifteen Defendants. See Doc. No. 50. Of these fifteen Defendants, Plaintiff has shown the fourteen were served with a summons and a copy of the First Amended Complaint ("FAC"). One Defendant, Enrique Franco, was served with a summons and the Second Amended Complaint ("SAC"). See Doc. No. 43.

Federal Rule of Civ. Procedure 5(a) states that, in the absence of an assertion of a "new claim for relief" against the non-appearing party, "[n]o service is required on a party who is in default for failing to appear." Fed. R. Civ. P. 5(a)(2). For purposes of Rule 5(a)(2), a party who has failed to appear in the case is a party in "default for fail[ing] to appear," even if the clerk has not yet made an entry of default in the docket. See Cutting v. Allenstown, 936 F.2d 18, 21 n.1 (1st Cir. 1991); Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada, 674 F.2d 1365, 1368 n.3 (11th Cir. 1982); Sharp v. Maricopa Cty., 2009 U.S. Dist. LEXIS 116746, *4 (D. Ariz. Nov. 6, 2009). Here, a review of the FAC and the SAC reveal that no additional claims were included in the SAC with respect to the fourteen other non-responding Defendants. Cf. Doc. No. 10 with Doc. No. 37. Therefore, service of the SAC was required for Enrique Franco, but not necessary with respect to the fourteen other Defendants. See Fed. R. Civ. P. 5(a)(2); Aifang v. Velocity VIII, L.P., 2016 U.S. Dist. LEXIS 132633, *5 (C.D. Cal. Sept. 26, 2016); Rood v. Nelson, 2014 U.S. Dist. LEXIS 128723, *14-*15 (D. Nev. Sep. 15, 2014).

| 1 | Plaintiff has submitted an application that refers the Court to returns of summons/proofs of
| 2 | service in the docket, as well as a declaration by Plaintiff's counsel that explains how the fifteen
| 3 | Defendants were served and when the time to file a response had lapsed.  See Doc. No. 50.  A
| 4 | review of the docket shows that fifteen Defendants were either personally served or served by
| 5 | leaving a copy of the summons and amended complaint with a person of suitable age.  This is
| 6 | consistent with Federal Rules of Civil Procedure 4(e)(1), 4(e)(2)(A), and 4(e)(2)(B), California
| 7 | Code of Civil Procedure §§ 415.10 and 415.20, and Washington Revised Code § 4.28.080(16).
| 8 | See Doc. Nos. 17, 18, 20-30, 47-49; cf. Wright v. City of Las Vegas, 395 F.Supp.2d 789, 797-99
| 9 | (S.D. Iowa 2005).  It appears to the Court that service of process was properly affected as to
| 10 | thirteen of the fifteen defendants under the appropriate federal, California, and Washington service
| 11 | laws.[1]
| 12 | With respect to Defendant Jasmine Roxanne Dalton ("Jasmine"), she is alleged to be a
| 13 | minor.  See Doc. No. 10 at ¶ 17.  Plaintiff does bring suit against Jasmine through Robert D.
| 14 | Dalton, who is alleged to be her guardian ad litem.  See id.  Federal Rule of Civil Procedure 4(g)
| 15 | provides a minor in a United States judicial district "must be served by following state law for
| 16 | serving a summons or like process on such [minor] in an action brought in the courts of general
| 17 | jurisdiction of the state where service is made."  Fed. R. Civ. P. 4(g).  The return of summons
| 18 | indicates that service was attempted to be served on Jasmine in Merced, California.  See Doc. No.
| 19 | 48. California Code of Civil Procedure § 416.60 provides:  "A summons may be served on a
| 20 | minor by delivering a copy of the summons and the complaint to his parent, guardian, conservator,
| 21 | or similar fiduciary, or, if no such person can be found with reasonable diligence, to any person
| 22 | having the care or control of such minor or with whom he resides or by whom he is employed, and
| 23 | to the if he is at least 12 years of age."  Cal. Code Civ. P. § 416.60.  Thus, if the minor is at least
| 24 | 12 years old, both the minor and the minor's parent, guardian, etc. must be served.  See In re
| 25 | Orlando C., 186 Cal.App.4t h 1184, 1190 (2010).  The Court is not satisfied that § 416.60 has been
| 26 | followed.  First, it is not clear how old Jasmine is.  Second, the Court has concerns with respect to
| 27 | the actual status of Robert Dalton.  Although Robert Dalton is alleged to be a guardian ad litem,

---

[1] Several defendants were served in the state of Washington.

there is no indication as to when or how Robert Dalton was appointed to be Jasmine's guardian ad litem. Because the Court is not satisfied that § 416.60 has been sufficiently followed, an entry of default will not be entered at this time with respect to Jasmine. Plaintiff may file a new request of entry of default that adequately demonstrates compliance with Rule 4(g) and § 416.60.

With to Defendant Angelica Maria Acevedo Cisneros, the proof of service is similar to all of the other proofs of service. See Doc. No. 30. The proof of service is on a pre-printed form. See id. The box for "substitute service" is checked and indicates that the summons and complaint were served on Adam Sanchez. See id. However, unlike other proofs of service, the "home" box (Box 5(b)(2)) on the form is not checked. See id. There are three options for the process server to identify the address, a business (Box 5(b)(1)), a home (Box 5(b)(2), and a unknown physical address (Box 5(b)(3)). See id. The proof of service for Angelica Maria Acevedo Cisneros is the only proof that does not indicate that the Defendant was served at her dwelling or usual place of abode. Therefore, the Court is not satisfied that service has been accomplished through Rule 4(e)(2), California Code of Civil Procedure 415.20, or Washington Revised Code § 4.28.080(16). An entry of default will not be permitted with respect to Angelica Maria Acevedo Cisneros. Plaintiff may file a new request for entry of default that shows sufficient compliance with the relevant service rules.

Because it appears that service of process has been made under Rule 4(e), California Civil Code §§ 415.10 and 415.20, and Washington Revised Code § 4.28.080(16), and the time to respond to the complaint has lapsed, the Court will direct the Clerk to make entries of judgment as required by Federal Rule of Civil Procedure 55(a) with respect to the thirteen of the fifteen defendants.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:
1. The Plaintiff's request for the Clerk to make an entry of default is GRANTED in part;
2. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk shall make an entry of default with respect to the following Defendants:

|   |   |   |   |
|---|---|---|---|
| 1 |  | a. | Enrique Franco; |
| 2 |  | b. | Cesar Neri; |
| 3 |  | c. | Selene Cati Silva; |
| 4 |  | d. | Amairani Cati Silva; |
| 5 |  | e. | Antonia Navarro-Sandoval; |
| 6 |  | f. | Robert D. Dalton, individually and as successor in interest to the Estate of Christina Bautista Dalton; |
| 8 |  | g. | James Keifas Miranda Bautista Dalton; |
| 9 |  | h. | Jessica Hilda Bautista Vasquez; |
| 10 |  | i. | Estevan Dalton Bautista; |
| 11 |  | j. | Joshua Palacios; |
| 12 |  | k. | Jose Refugio Acevedo Cisneros; |
| 13 |  | l. | Yessica Acevedo Cisneros; |
| 14 |  | m. | Fidelina Acevedo Cisneros; |

3. Plaintiff's request for an entry of default with respect to Defendant Jasmine Roxanne Dalton, a minor, is DENIED without prejudice to submission of documents and a new request for entry of default that sufficiently demonstrates compliance with Federal Rule of Civil Procedure 4(g) and California Code of Civil Procedure § 416.60; and

4. Plaintiff's request for entry of default with respect to Defendant Angelica Maria Acevedo Cisneros is DENIED without prejudice to resubmission of documents and a new request for entry of default that demonstrates that service occurred at Defendant Angelica Maria Acevedo Cisneros's dwelling or usual place of abode.

IT IS SO ORDERED.

Dated: June 16, 2017

SENIOR DISTRICT JUDGE