# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGON PREFERRED INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>ISABELLA ALVAREZ CAMACHO, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01496-AWI-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT AND VACATING APRIL 4, 2018 HEARING<br><br>(ECF No. 92)<br><br>FIVE DAY DEADLINE |

On March 1, 2018, Plaintiff Integon Preferred Insurance Company's ("Plaintiff") filed a motion for leave to file a third amended complaint. (ECF No. 92.) The matter was referred to the undersigned for issuance of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (ECF No. 93.) A hearing on the motion was set for April 4, 2018. (ECF No. 93.)

Pursuant to the Local Rule, Defendants' opposition to the motion for leave to file a third amended complaint was due March 21, 2018. L.R. 230(c). Defendants did not file a timely opposition to the motion.[1] The Local Rule provides that a party who fails to file a timely

---

[1] Defendants Isabella Alvarez Camacho ("Camacho") and X-Treme Ag Labor, Inc. ("X-Treme Ag") are the only defendants who are defending this action. The other defendants have had default entered against them. Since Defendants Camacho and X-Treme Ag did not file an opposition, it is unclear to the Court why Plaintiff and Defendants Camacho and X-Treme Ag did not stipulate to the filing of the third amended complaint to avoid setting a contested motion hearing.

1

opposition is not entitled to be heard in opposition to the motion at oral argument. L.R. 230(c). Accordingly, the hearing set for April 4, 2018, will be vacated and the parties will not be required to appear at that time.

Having considered the moving papers and declaration attached thereto, as well as the Court's file, the Court issues the following order.

## I.

## BACKGROUND

Plaintiff issued a business insurance policy ("the policy") to Isabella Alvarez Camacho ("Camacho"), who is the owner of X-Treme Ag Labor, Inc. ("X-Treme Ag"), which was effective from April 3, 2014, to April 3, 2015. (Sec. Am. Compl. ¶¶ 4, 5, 32.) The policy covered a 2002 Ford Escape. (Id. ¶ 32.) The policy was renewed for a term between April 3, 2015, and April 3, 2016. (Id.) Plaintiff contends that Camacho did not advise it that transportation services would be provided in the course of Camacho's operation of X-Treme Ag. (Id. ¶ 36.)

On June 20, 2015, Enrique Franco ("Franco") was driving a van that was owned by Cesar Neri ("Neri") which overturned. (Id. ¶ 37.) At the time of the accident, there were seven other passengers in the van who worked for Camacho and were returning home to Merced from Gilroy at the end of the workday. (Id. ¶¶ 37, 38.) As a result of the accident, there have been six personal injury and wrongful death actions filed against X-Treme Ag, Franco, and Neri. (Id. ¶ 39.) Plaintiff is providing a defense to X-Treme Ag in the underlying action pursuant to a reservation of rights. (Id. ¶ 40.)

This instant action was filed on October 5, 2016. (ECF No. 1.) Plaintiff filed a first amended complaint on November 21, 2016. (ECF No. 10.) On March 10, 2017, pursuant to a stipulation between Plaintiff and Defendants Camacho and X-Treme Ag, the Court granted Plaintiff leave to file a second amended complaint. (ECF No. 36.) On March 13, 2017, Plaintiff filed a second amended complaint. (ECF No. 37.) Plaintiff's second amended complaint named as defendants Camacho; Xtreme Ag; Franco; Neri; Selene Cati Silva; Amairani Cati Silva; Victor Cati; The Estate Of Maria Candelaria Silva-Perez, by and through its successor-in-interest

| | |
|---|---|
| 1 | Victor Cati; Antonia Navarro-Sandoval; Robert D. Dalton; James Keifas Miranda Bautista; |
| 2 | Jessica Hilda Bautista Vasquez; Estevan Dalton Bautista; Jasmine Roxanne Dalton, a minor by |
| 3 | and through her guardian ad litem Robert D. Dalton; The Estate Of Christina Bautista Dalton, by |
| 4 | and through its successor-in-interest Robert D. Dalton; Jessica Bolanos; Joshua Palacios; |
| 5 | Veronica Elizabeth Acevedo Cisneros; Ana Cristina Acevedo Cisneros; Jose Refugio Acevedo |
| 6 | Cisneros; Anna Erica Acevedo Cisneros; Angelica Maria Acevedo Cisneros; Yessica Acevedo |
| 7 | Cisneros; Fidelina Acevedo Cisneros; and Yasmin Zuniga. (Sec. Am. Compl. ¶¶ 4-28.) At this |
| 8 | time, default has been entered against all of the defendants except for Camacho and X-Treme |
| 9 | Ag, who are defending this action. (ECF Nos. 54-59, 61-67, 76-84.) |

Plaintiff alleges that it may have a valid basis on which to rescind the policy based upon the information provided by Camacho. (Sec. Am. Compl. ¶¶ 42-47.) This action has been brought against the plaintiffs in the underlying actions, and those that may be a possible insured or beneficiary under the policy. (Id. ¶¶ 4-28, 37-39.) Plaintiff is seeking to have the policy rescinded, a declaration that Plaintiff has no duty to defend or to pay any settlement or judgments in the underlying actions, and that if the policy is rescinded, Plaintiff has the right to recover from Camacho, X-Treme Ag, and Franco the amounts incurred defending and any amounts paid to indemnify them in the underlying actions. (Id. ¶¶ 42-59.)

On June 16, 2017, the pretrial scheduling order issued in this action. (ECF No. 52.)

On August 14, 2017, Camacho and X-Treme Ag filed for bankruptcy. On August 21, 2017, counsel for Camacho and X-Treme Ag filed a notice of automatic stay due to the bankruptcy filings. (ECF No. 85.) On September 15, 2017, the Court entered an order staying the case as to Defendants Camacho and X-Treme Ag. (ECF No. 86.)

By a letter dated October 6, 2017, Valley Garlic, Inc. ("Valley Garlic") tendered its defense to Plaintiff for the first time in connection with the underlying lawsuits. (March 1, 2018 Decl. of Jeffrey Dollinger ("Dollinger Decl.") ¶ 8, ECF No. 92-1 at 1-3.) On December 1, 2017, Plaintiff accepted Valley Garlic's defense pursuant to a reservation of rights. (Id.)

On February 23, 2018, the stay in this action was lifted. (ECF No. 90.) On March 1, 2018, Plaintiff filed a motion for leave to file a third amended complaint. (ECF No. 92.)

Defendants have not filed an opposition.

## II.

## LEGAL STANDARD

Plaintiff seeks leave to file a third amended complaint under Rule 15(a)(2) and Rule 16(b)(4) of the Federal Rules of Civil Procedure. Once the scheduling order has issued in the action, amendment is governed by Rule 16 of the Federal Rules of Civil Procedure. Rule 16 provides that the schedule may be modified only for good cause. Fed. R. Civ. P. 16(b)(4). Therefore, the moving party must first demonstrate that good cause exists for the modification of the scheduling order and, if good cause is shown, the party must demonstrate that the proposed amendment is proper under Rule 15. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992).

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.[2]

---

[2] A "magistrate judge's decision to grant a motion to amend is not generally dispositive; whether the denial of a motion to amend is dispositive is a different question entirely. Just as 'it is of course quite common for the finality of a decision to depend on which way the decision goes,' so the dispositive nature of a magistrate judge's decision

4

# III.

# DISCUSSION

Plaintiff seeks to file a third amended complaint adding Valley Garlic as a defendant. Defendants have not filed an opposition to the motion.

### A. Good Cause to Amend Scheduling Order

Plaintiff asserts that it has shown good cause to amend the scheduling order because Valley Garlic first tendered its defense in the underlying action while the instant action was stayed and Plaintiff filed this motion to amend within one week of the stay being lifted.

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' " Johnson, 975 F.2d at 609 (citations omitted). Further, carelessness is insufficient to demonstrate diligence and is not a ground for relief. Id. If the party seeking to file an amended complaint does not demonstrate diligence, the inquiry should end. Id.

Plaintiff had no knowledge of Valley Garlic's interest in the policy until after the July 17, 2017 deadline to amend the pleadings passed. (Dollinger Decl. ¶ 9.) By a letter dated October 6, 2017, Valley Garlic tendered its defense to Plaintiff for the first time in connection with the underlying lawsuits seeking coverage under the policy. (Id. ¶ 8.) Plaintiff agreed to defend pursuant to a reservation of rights letter Plaintiff sent to Valley Garlic's counsel dated December 1, 2017. (Id. ¶ 8.)

When Plaintiff first found out that Valley Garlic was seeking coverage under the policy, this action was stayed. The stay in this action was lifted on February 23, 2018, and Plaintiff filed the instant motion to amend on March 1, 2018. Therefore, Plaintiff filed the motion for leave to file the third amended complaint shortly after the stay was lifted. Accordingly, the Court finds that Plaintiff has shown good cause exists to amend the scheduling order in this instance.

///

---

on a motion to amend can turn on the outcome." Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015) (quoting Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1694 (2015)). Any party may seek reconsideration of this order by the district judge within fourteen days of the issuance of this order. Local Rule 303.

## B. Amendment Pursuant to Rule 15

Next, the Court determines whether Plaintiff has demonstrated that the factors to be considered under Rule 15 weigh in favor of granting leave to file a third amended complaint. Plaintiff has previously filed two amended complaints in this action. However, Plaintiff did not know that Valley Garlic had an interest in the policy at the time it filed the second amended complaint. There is no indication that leave to amend has been sought in bad faith. Plaintiff asserts that if it is not allowed to include Valley Garlic as a defendant in this action, Valley Garlic will not be bound by the judgment in this action. In order to ensure that all parties that have an interest in the policy are bound by the outcome of the instant action, Plaintiff should be able to add Valley Garlic as a defendant in this action.

Plaintiff asserts that it would not be futile to add Valley Garlic as a defendant. This Court's jurisdiction will not be defeated by adding Valley Garlic as a defendant. In its proposed third amended complaint, Plaintiff alleges that Valley Garlic is a California corporation with its principal place of business in Coalinga, California. (Third Amend. Compl. ¶ 29.) Plaintiff is a North Carolina corporation with its principal place of business in Winston-Salem, North Carolina. (Second Amend. Compl. ¶ 3.) In addition, Valley Garlic has a direct interest in whether the policy is rescinded. Valley Garlic has now tendered its defense to Plaintiff in the underlying action based on the policy. Therefore, the Court finds that it would not be futile for Plaintiff to file a third amended complaint which adds Valley Garlic as a defendant.

Further, Plaintiff asserts that there is no prejudice to the defendants by allowing amendment of the complaint. Plaintiff is not seeking to add any causes of action, facts, or legal theories to the third amended complaint. As Plaintiff points out, the parties have not been able to engage in significant discovery or otherwise move the case toward trial because the case was stayed. In addition, Defendant Camacho and X-Treme Ag, the only defendants defending this action, did not file an opposition to the motion to amend. Therefore, the Court finds that there is no prejudice in granting Plaintiff leave to file a third amended complaint.

The Court finds that Plaintiff has demonstrated that the factors to be considered under Rule 15 weigh in favor of granting Plaintiff leave to file a third amended complaint.

Accordingly, leave to file a third amended complaint shall be granted.

## IV.
## ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a third amended complaint is GRANTED;
2. The hearing set for April 4, 2018, at 10:00 a.m. in Courtroom 9 is HEREBY ORDERED VACATED; and
3. Plaintiff shall file a third amended complaint within five days of the date of entry of this order.

IT IS SO ORDERED.

Dated: **April 2, 2018**

UNITED STATES MAGISTRATE JUDGE